UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:14-cv-00117-FDW

| | |
|---|---|
| LAURA G. VOSK, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CAROLYN W. COLVIN, ACTING COMMISIONER OF SOCIAL SECURITY, | ) |
| Defendants | ) |

**THIS MATTER** is before the Court on the parties' Consent Motion for Attorney Fees. (Doc. 14). For the reasons that follow, the motion is **GRANTED**.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), this Court has the power to award fees to a prevailing party other than the United States incurred in a civil action against the United States including proceedings for judicial review of agency action. The party seeking fees and other expenses shall, submit to the court an application for fees <u>within thirty days</u> of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B) (emphasis added). In light of this Court's November 18, 2014, Order remanding this case to the defendant Acting Commissioner for further administrative proceedings, this Court has the power to award fees to Plaintiff. Final judgment was issued on November 18, 2014, and the thirty day deadline expired on December 18, 2014. Plaintiff did not submit her consent motion for Attorney Fees until February 18, 2015, ninety days after the final judgment in this action.[1] Nevertheless, because Defendant consents to the Motion for Attorney Fees, the Court will consider the merits of the motion. See <u>Senechal v. Astrue</u>, 2011 WL 1843189 (W.D.N.C. 2011) (awarding fees even though the motion was not filed within thirty days).

---

[1] The Court recognizes that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 303 (1993). The case at bar involved a consent motion to remand, thus making an appeal unlikely, if not waived.

1

IT IS HEREBY ORDERED that the Court GRANTS the consent motion and awards attorney fees in the amount of five thousand seven hundred thirty-eight dollars and forty-eight cents ($5,738.48) in full satisfaction of any and all claims Plaintiff may have in this case under the Equal Access to Justice Act. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 559 U.S. 175 (2010), these attorney fees are payable to Plaintiff as the prevailing party and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of this Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor the Plaintiff's February 5, 2015, signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff rather than to counsel. Should this occur, any remaining fees made payable to Plaintiff shall be sent to her counsel.

**IT IS SO ORDERED**.

Signed: April 9, 2015

Frank D. Whitney
Chief United States District Judge